UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

In re                                                    Chapter 13
Joshua J. Peterson and
Ruthanne E. Peterson,                                    Case No. 14-28665-svk
                Debtors.

_____

**DECISION AND ORDER ON TRUSTEE'S OBJECTION TO CONFIRMATION**

Joshua J. Peterson and Ruthanne E. Peterson (the "Debtors") filed a Chapter 13 petition on July 8, 2014. The Debtors' income is above the median for the State of Wisconsin. They filed an amended Chapter 13 plan on August 13, 2014, proposing to pay $750 per month for 60 months. (Docket No. 14.)[1] The plan estimates that the unsecured creditors (totaling approximately $48,000) would receive a pro rata share of at least $14,100. (*Id*.) Unsecured claims filed by the claims deadline totaled only $7,539.

The Trustee objected to the plan, arguing that the Debtors are not entitled to deduct dental and vision insurance payments in calculating their disposable income. The Debtors deducted $560.92 for "health insurance" on line 39(a) of Official Form B22C, the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income. The total consists of $94.73 for their monthly dental insurance premium, $29.74 for their monthly vision insurance premium, and $436.45 for their monthly medical insurance premium.[2] (Docket No. 23.) The Trustee interprets the allowed deduction for "health insurance" as including only medical insurance and contends that dental and vision insurance should be covered by the IRS national standard for "Health Care" available on line 24B.

---

[1] All references are to the Court's CM/ECF docket in the Debtors' case.
[2] The Debtors filed a supplemental brief that contained the 6-month totals for the various insurance premiums. The Court calculated the monthly averages from the totals.

Bankruptcy Code § 707(b)(2)(A)(ii)(I) (applicable in Chapter 13 pursuant to § 1325(b)(3)) allows the debtor to deduct "the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . . . Such expenses shall include reasonably necessary health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor." The U.S. Trustee's website and the Internal Revenue Manual often provide guidance on means test issues. Both of these resources are silent on the deduction of dental and vision insurance premiums. *Means Testing Information*, U.S. TRUSTEE PROGRAM, http://www.justice.gov/ust/eo/bapcpa/meanstesting.htm (last visited Nov. 19, 2014); IRM § 5.15.1.7.

Neither party cited a case deciding whether "health insurance" includes dental and vision insurance, and the Court's independent research failed to uncover a case in which the court expressly resolved a dispute over whether dental and vision insurance expenses are deductible as health insurance. However, numerous courts have assumed that dental and vision insurance is health insurance. For example, in *In re Clary*, 11-bk-04556, 2012 Bankr. LEXIS 1077 (Bankr. M.D. Fla. Mar. 14, 2012), in ruling on a motion to dismiss a case for abuse under § 707(b), the court noted that "[t]he Debtors claim on Line 34 a deduction of $1,122.57 for health (including dental and vision insurance) and disability insurance and contributions to a health savings account." *Id.* at *26. The deduction did not match the debtors' payroll advices. Without commenting on the propriety of including dental and vision insurance in the health insurance category, the court corrected the discrepancy.

In *In re Gotham*, 327 B.R. 65, 71 (Bankr. D. Mass. 2005), another Chapter 7 case, the court included health and dental insurance for "extensive dental work including implants and work on [the debtor's] jaw" as a reasonable expense that would be deducted in determining whether the debtors could fund a Chapter 13 plan. *See also In re Toxvard*, 485 B.R. 423, 440 (Bankr. D. Colo. 2013) (discussing "medical/vision/dental insurance" as one total insurance expense, and referring to it as a "comprehensive health insurance plan" and a "health insurance policy" even though dental and vision insurance apparently were components). *In re Melander*, 506 B.R. 855, 869 (Bankr. D. Minn. 2014), disallowed a deduction for long term care insurance, expressly finding that this type of insurance is not health insurance. But the court in *In re Galloway*, 04-6524-3P3, 2005 Bankr. LEXIS 878 (Bankr. M.D. Fla. May 16, 2005), a pre-BAPCPA case, disallowed the debtors' adult child's dental, vision and other insurance as not reasonably necessary, but allowed the debtors' own expenses for dental and vision insurance.

The Trustee suggests that vision and dental insurance should be part of the deduction allowed on line 24B for out-of-pocket health care costs. He cites no authority for his position. The Debtors counter that if the vision and dental insurance is not deductible as health insurance on line 39(a), it is deductible as an excess out-of-pocket expense on line 36. But the Debtors failed to provide evidence that they have other expenses totaling $180 per month, which is required in order to deduct more than the National Standard on line 24B. *See DeHart v. Gregory (In re Gregory)*, 452 B.R. 895, 899 (Bankr. M.D. Pa. 2011) (supplementing an expense allowance provided for by the IRS requires documentation of the expense). In *In re Leggett*, 10-03383, 2011 Bankr. LEXIS 820 (Bankr. E.D.N.C. Mar. 2, 2011), the court allowed the debtors to deduct unreimbursed orthodontic expenses as an out-of-pocket "other expense" on line 31[3] of Form B22C. The court

---

[3] Line 31 is now line 36.

3

Case 14-28665-svk    Doc 24    Filed 11/19/14    Page 3 of 4

subtracted the dental insurance reimbursement before authorizing the deduction, suggesting that the cost of the dental insurance itself was likewise deductible.  These cases suggest that dental expenses and dental insurance are reasonably necessary health care expenses and are appropriately deductible in determining projected disposable income.

Having considered the cases allowing the deduction of dental and vision insurance without controversy and the policy authorizing debtors to deduct expenditures necessary for their health, welfare and production of income, the Court concludes that the Debtors should be allowed to deduct the vision and dental insurance premiums that they actually pay as part of the health insurance deduction.

IT IS THEREFORE ORDERED:  the Trustee's objection to confirmation of the plan is overruled, and the plan may be confirmed.

Dated:  November 19, 2014

By the Court:

Susan V. Kelley
U.S. Bankruptcy Judge

4